USDC BALTIMORE '26 NOV 4 PM4:01

AMG JDM/PR: 2026R00832

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** ABA-26-392 |
| | * | |
| **ZEN ALJUFRI,** | * | **(Bribery of a Public Official, 18 U.S.C. § 201(b); Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c))** |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

**********

## INDICTMENT

## COUNT ONE

The Grand Jury for the District of Maryland charges that:

On or about August 31, 2026, in the District of Maryland, the defendant,

**ZEN ALJUFRI,**

did, directly and indirectly, corruptly give, offer, and promise a thing of value to a public official, with intent to influence an official act, to influence a public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States, and to induce a public official to do an act and omit to do an act in violation of his official duty, that is, he offered to pay money to a U.S. Customs and Border Protection Officer to have goods released from a hold at a port of entry.

18 U.S.C. § 201(b)(1)

JDM/PR: 2026R00832

## COUNT TWO

The Grand Jury for the District of Maryland charges that:

On or about October 27, 2026, in the District of Maryland, the defendant,

**ZEN ALJUFRI,**

did, directly and indirectly, corruptly give, offer, and promise a thing of value to a public official, with intent to influence an official act, to influence a public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of a fraud on the United States, and to induce a public official to do an act and omit to do an act in violation of his official duty, that is, he paid money to a U.S. Customs and Border Protection Officer to have goods released from a hold at a port of entry.

18 U.S.C. § 201(b)(1)

## FORFEITURE ALLEGATION

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on the offenses charged in Counts One and Two of this Indictment.

2. Upon conviction of the offenses set forth in Counts One and Two of this Indictment, the defendant,

**ZEN ALJUFRI,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s), including but not limited to a forfeiture money judgment equal to the value of the proceeds the defendant obtained as a result of the offense.

## SUBSTITUTE ASSETS

3. If, as a result of any act or omission of the defendant, any such property subject to forfeiture,

a. cannot be located upon the exercise of diligence;

b. has been transferred, or sold to, or deposited with a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

JDM/PR: 2026R00832

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes by JDM

Kelly O. Hayes
United States Attorney

SIGNATURE REDACTED

FOREPERSON

11-4-26

Date